## Sterling T. Seawell *v.* Green, Harding & Co. et al.

A trust deed, made in the State of Texas, assigning personal property for the benefit of certain named creditors, will not, in the absence of any evidence of the law of Texas, be permitted to prejudice the claim of a creditor of the assignor attaching his assets in the hands of a third person in Louisiana.

APPEAL from the Fourth District Court of New Orleans, *Reynolds, J. Race & Foster*, for plaintiff and appellant. *McCay & Edwards*, for appellees.

SPOFFORD, J. The plaintiff sues as assignee of *W. R. Rawlings* under a trust deed, made in the State of Texas, assigning property for the benefit of certain named creditors.

The object of the suit, by the assignee, is to obtain possession of certain notes or their proceeds, belonging to said *Rawlings*, but left with *Green, Harding & Co.* in New Orleans, as collateral security, and still in their hands, in the State of Louisiana.

*Seawell & Rawlings* reside in Texas, the other parties in Louisiana.

*Seawell* notified *Green, Harding & Co.* of the assignment by letter. Subsequently the claims of *Rawlings* in the hands of *Green, Harding & Co.* were attached in this State, at the suit of *Moses Greenwood & Co.*, Louisiana creditors of *Rawlings*.

The question is whether *Seawell*, as assignee of the debtor *Rawlings*, can now recover to the prejudice of the rights of *Greenwood & Co.* as attaching creditors.

There is no evidence whatever of the Texas law. Under the law of Louisiana, such an instrument as that under which *Seawell* asserts his rights, would not be permitted to prejudice the claim of a creditor of *Rawlings* who attached in the hands of *Green, Harding & Co.*, even though they had been notified of the existence of such deed of trust.

The judgment is, therefore, affirmed, with costs.